**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1835**

MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY,

Plaintiff - Appellee,

v.

PROTOSTORM, LLC,

Defendant - Appellant,

and

ANTONELLI, TERRY, STOUT & KRAUS, LLP; FREDERICK D. BAILEY; CARL I. BRUNDIDGE; ALAN E. SCHIAVELLI,

Defendants.

**No. 16-1853**

MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY,

Plaintiff - Appellee,

v.

ANTONELLI, TERRY, STOUT & KRAUS, LLP; ALAN E. SCHIAVELLI,

Defendants - Appellants,

and

PROTOSTORM, LLC; FREDERICK D. BAILEY; CARL I. BRUNDIDGE,

Defendants.

---

**No. 16-1866**

---

MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY,

Plaintiff - Appellee,

v.

FREDERICK D. BAILEY; CARL I. BRUNDIDGE,

Defendants - Appellants,

and

ANTONELLI, TERRY, STOUT & KRAUS, LLP; ALAN E. SCHIAVELLI; PROTOSTORM, LLC

Defendants.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:15-cv-01485-JCC-JFA)

---

Submitted: September 29, 2017                    Decided: November 27, 2017

---

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Derek Y. Sugimura, WEISBROD MATTEIS & COPLEY PLLC, Washington, D.C., for Appellant Protostorm, LLC. Jonathan G. Hardin, PERKINS COIE LLP, Washington, D.C., for Appellants Antonelli, Terry, Stout & Kraus, LLP, Carl I. Brundidge, Alan E. Schiavelli, and Frederick D. Bailey. Danny M. Howell, Robert Jackson Martin, IV, LAW OFFICES OF DANNY M. HOWELL, McLean, Virginia, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants, Protostorm, LLC; Antonelli, Terry, Stout, & Kraus, LLP (ATSK), a law firm; and three former attorneys at ATSK, Frederick D. Bailey, Carl I. Brundidge, and Alan E. Schiavelli, appeal the district court's order granting summary judgment in favor of Minnesota Lawyers Mutual Insurance Company (MLM) on its complaint for a declaratory judgment to determine the applicable limit of liability under an errors and omissions professional liability insurance policy that MLM issued to ATSK.

We review de novo a district court's order granting summary judgment, viewing facts in the light most favorable to the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 434 (4th Cir. 2011). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Newport News*, 650 F.3d at 434 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

Appellant Protostorm won a judgment against ATSK, Bailey, and Brundidge for legal malpractice in connection with a patent that Protostorm sought to have prosecuted. Under the terms of the professional liability insurance policy that it issued to ATSK, MLM is obligated to pay all sums up to the limit of liability for which ATSK became legally obligated to pay as damages due to any claim arising out of any act, error, or omission of ATSK or of those for whose acts ATSK is legally responsible. An endorsement to the policy limited MLM's liability for both claim expenses and damages

4

to five million dollars for any claim made during the policy period arising out of any act, error, or omission which occurred on or before October 25, 2006. For all other claims, a 10 million dollar limit of liability applies. On cross-motions for summary judgment, the district court concluded that the lower limit of liability applied because the malpractice claim did not arise out of any acts, errors, or omissions which occurred after October 25, 2006. Having considered the parties respective arguments, we agree with the district court's decision.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*